CORDELIA M. GILBERT v. BANNISTER STODYVILLE'S ADM'R, ET AL.

**Wills—Construction.**

> The words in a will, if unaffected by the context, must be construed according to their primary meaning, but the chancellor will follow the intention of the testator and declare the meaning of the words used from the whole contents of the paper. Words are not to be restricted to their primary meaning, when to do so will conflict with the intention of the devisor.

APPEAL FROM SPENCER CIRCUIT COURT.

March 9, 1878.

OPINION BY JUDGE PRYOR:

The law of this case is embodied in the opinion of the court below. The entire context of the will shows that the devisor did not intend to apply the ordinary or primary meaning to the words "shall take full charge of my property, real and personal" and that the intention was to vest the two devisees with the entire estate subject to the encumbrances that were made a charge on the estate. By the provisions of the will, after giving to these appellees the full charge of his estate, they are required to support their mother and a brother who seems to have been afflicted; also, to support the two grandchildren until they arrive at the age of twenty-one years, and then pay to each one of them $3,000.

54

Now, to construe this will as creating a trust alone would require, so far as the action of the devisor is concerned, these appellees to take charge of the estate, support all of the beneficiaries mentioned, pay two of them three thousand dollars each, without receiving any compensation therefor or providing the means with which the special devisees were to be paid. He makes no provision for any division of the estate, and it is unreasonable to suppose, from the language of the will itself, that the testator meant only to devise the estate for the use of the four beneficiaries mentioned, and that no division of it could be made until the youngest of his grandchildren arrived at age. There is no reason given for advancing the three thousand dollars, and no clause requiring them to acount for it on any final division.

The devisor evidently thought he had devised his whole estate, and while a patent ambiguity cannot be explained by parol testimony, we think there is enough on the face of the will showing the meaning attached to the words used, and the evident intention of the testator. What the testator meant must be gathered from the words used when considered in connection with the entire will. Not that he intended to use different language or words that could have conveyed a different idea, but that the meaning of the words themselves, as used by the testator, are not to be restricted to their primary meaning, but to the meaning the testator attached to them.

The words in a will, if unaffected by the context, must be construed according to their primary meaning; but that the testator's meaning is to be gathered from the entire will shows that they were not used in a technical sense, or the primary meaning given them by the testator. The chancellor will follow the intention of the devisor, and declare the meaning of the words used from the whole contents of the paper.

Judgment below is *affirmed.*

*C. C. Gilbert, for appellant. Bullock & Beckham, for appellees.*